**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7081**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHARONE JERMAINE BERRY, a/k/a Shaun Smith, a/k/a Jerome Smith,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:08-cr-00043-RGD-TEM-1)

Submitted: November 23, 2021                     Decided: November 30, 2021

Before NIEMEYER, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sharone Jermaine Berry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharone Jermaine Berry appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(B) motion for a sentence reduction pursuant to section 404(b) of the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5222. Berry argues on appeal that the district court erroneously determined that he was ineligible for a sentence reduction under the Act because his conviction for possession with intent to distribute less than five grams of cocaine base within 1000 feet of school property, in violation of 21 U.S.C. §§ 84l(a)(1), (b)(1)(C), 860 ("narcotics conviction"), was not for a "covered offense." We affirm.

"We review the scope of a district court's sentencing authority under the First Step Act de novo." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). When a sentence reduction is permitted, we review for abuse of discretion the district court's decision to grant or deny the motion. *See United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). Only after determining that a sentence reduction is both permitted and warranted must the district court recalculate the defendant's Sentencing Guidelines range before imposing a new sentence. *Chambers*, 956 F.3d at 672.

Upon review, we conclude that the district court correctly determined that Berry's narcotics conviction was not for a "covered offense" under the Act. *See Terry v. United States*, 141 S. Ct. 1858, 1860-61, 1863-64 (2021) (holding that cocaine base offenders sentenced before 2010 under § 841(b)(1)(C) are ineligible for a sentence reduction under the Act). We therefore affirm the district court's order. *United States v. Berry*, No. 4:08-cr-00043-RGD-TEM-1 (E.D. Va. July 9, 2021). We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*